**CENTER FOR AUTO SAFETY, et al., Appellants,**

v.

**Elizabeth H. DOLE, Secretary, Department of Transportation, et al.**

**No. 86–5436.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 7, 1987.

Decided May 24, 1988.

---

Howard A. Heffron, with whom Clarence M. Ditlow III, Mary H. Dunlap and Evan W. Johnson, Washington, D.C., were on the brief for appellants. Messrs. Heffron, Ditlow and Johnson were on the supplemental brief on rehearing.

David W. Allen, Asst. Chief Counsel, Nat. Highway Traffic Safety Admin., Richard K. Willard, Asst. Atty. Gen. at the time of filing, Douglas Letter, Appellate Litigation Counsel, Dept. of Justice, Erika Z. Jones, Chief Counsel, Enid Rubenstein and Eileen T. Leahy, Attys., Nat. Highway Traffic Safety Admin., Washington, D.C., were on the brief for appellees. James M. Spears, Acting Asst. Atty. Gen., Allen, Letter and Jeffrey Clair, Atty., U.S. Dept. of Justice, and Jones, Leahy "and Rubenstein", Washington, D.C., were on the petition for rehearing and the supplemental brief on rehearing.

Before WALD, Chief Judge, MIKVA and EDWARDS,* Circuit Judges.

Opinion PER CURIAM.

Dissenting opinion filed by Chief Judge WALD.

PER CURIAM:

This case concerns the reviewability of the Secretary of Transportation's decision

---

\* Circuit Judge Edwards was randomly selected as a member of this panel following Judge Bork's resignation from the Court.

(through the Administrator of the National Highway Traffic Safety Administration) ("NHTSA") not to reopen an investigation into alleged safety defects in Ford automobiles built between 1966 and 1979. The relevant statute provides that "[a]ny interested person may file with the Secretary a petition requesting [her]" to commence an investigation. 15 U.S.C. § 1410a(a) (1982). The NHTSA regulations direct the agency to grant the petition if, after a "technical review," it finds that "there is a reasonable possibility that the requested order will be issued at the conclusion of the appropriate proceeding." 49 C.F.R. §§ 552.6 and 552.8 (1987).

The case was originally decided by a sharply divided panel. The court reversed the decision of the district court denying and limiting review of the NHTSA's order, and held that appellants were entitled to plenary review of the administrative decision. The majority concluded that the court should scrutinize "not merely the statement of reasons given by the Administrator, but the evidence compiled in the 'technical review' on which the agency relies in making its decision." *Center for Auto Safety v. Dole*, 828 F.2d 799, 801 (D.C. Cir.1987). Judge Bork, who subsequently resigned from this court, dissented. While explaining his view that Congress intended to entirely preclude review of denials of citizen petitions, he rested on his conclusion that the scope of review should be limited to an examination of the agency's statement of reasons.

NHTSA petitioned for rehearing by the panel. The panel, with another member replacing Judge Bork, agreed to reconsider the decision. The parties submitted requested briefing on a discrete issue that was not a matter of dispute among the original panel members—whether the NHTSA regulation at issue permitted agency consideration of non-safety factors in deciding whether to grant a petition to investigate. We now hold that the agency's applicable regulation—49 C.F.R. § 552.8—fails to provide the court with a judicially manageable standard that would enable us to review the agency's decision.

## I.

We have previously held that regulations promulgated by an administrative agency in carrying out its statutory mandate can provide standards for judicial review of agency action. Such self-imposed constraints may supply the "law to apply" under *Heckler v. Chaney*, 470 U.S. 821, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985), to overcome the presumption against reviewing administrative agency inaction, including nonenforcement decisions. See *Padula v. Webster*, 822 F.2d 97 (D.C.Cir.1987); *Robbins v. Reagan*, 780 F.2d 37 D.C.Cir.1985). NHTSA has not persuaded us that these previous holdings should be reexamined. Just as Congress can provide the basis for judicial review of nonenforcement decisions by spelling out statutory factors to be measured by the courts, so an agency can provide such factors by regulation. When an agency chooses to so fetter its discretion, the presumption against reviewability recognized in *Chaney* must give way. The Supreme Court has never deviated from the position it set forth in *Service v. Dulles*, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed. 2d 1403 (1957):

> "While it is of course true that under [the relevant statute] the Secretary was not obliged to impose upon himself these more rigorous substantive and procedural standards, neither was he prohibited from doing so, ... and having done so he could not, so long as the Regulations remained unchanged, proceed without regard to them."

*Id.* at 388, 77 S.Ct. at 1165. In *Service* the Court scrutinized a decision that violated a self-imposed regulatory limitation superimposed on a broad statutory grant of discretion. The *Service* decision makes plain that an intent to proscribe judicial review of agency adherence to its own legally binding standards should not be inferred from a statute conferring broad discretion. Rather, there must be a much more definitive expression of Congress' intent to immunize an administrative decision otherwise amenable to review.

## II.

■ We thus adhere to our previous views that the Motor Vehicle Safety Act ("the Act") does not operate to preclude judicial review in this case. *See Center for Auto Safety v. Dole,* 828 F.2d at 804–05. At the outset, we stress that there is nothing in the Act remotely resembling an express preclusion of review of decisions not to grant citizen petitions. Compelling legislative history or a law's own structure may manifest a Congressional intent to deny review when the statute itself is silent on the matter. *See Block v. Community Nutrition Institute,* 467 U.S. 340, 104 S.Ct. 2450, 81 L.Ed.2d 270 (1984). But appellees have pointed to no "clear and convincing" evidence, *see Bowen v. Michigan Academy of Family Physicians,* 476 U.S. 667, 106 S.Ct. 2133, 2136, 90 L.Ed.2d 623 (1986), that Congress meant to take this unusual step with this Act.

■ The foregoing analysis, however, does not carry the day for appellants' request for this court's review. Other considerations bear on whether, notwithstanding the presumption of reviewability of agency compliance with legally binding regulations, this court may review the NHTSA's decision to deny the citizen petition in this case. The rebriefing has persuaded us that the regulation to which appellants refer us for "law to apply" does not limit the agency's discretion in a way that enables us to conduct a meaningful review of the agency's compliance. While safety is an indispensable element of the decision not to investigate, NHTSA can and does consider such "nonsafety" factors as its available resources, enforcement priorities, the likelihood of uncovering sufficient evidence to establish the existence of a defect, and the prospect of ultimately succeeding in any necessary enforcement litigation. The regulation *sub judice* provides the court no way to second-guess the weight or priority to be assigned these elements. In particular, it would be unwise, and inconsistent with the broad mandate of the agency under the governing statute, to infer a mandatory allocation of the agency's limited resources from the regulation at issue. We must thus conclude that NHTSA's decision governed by this regulation is not reviewable.

## III.

We find no need to further address the difficulties this Court previously encountered in delimiting the depth and scope of our review of the agency's refusal to investigate. The earlier opinions in this case labored long and hard to determine whether the court's review was confined solely to the reasons expressed by the agency or whether the whole administrative record was to be considered. The perplexities of whether and how to apply the teachings of *Dunlop v. Bachowski,* 421 U.S. 560, 95 S.Ct. 1851, 44 L.Ed.2d 377 (1975), which divided the original panel in this case, are not relevant to our decision not to review.

The petition for rehearing is granted. The earlier decision of this court is vacated. For the reasons stated above the order of the district court denying review is affirmed.

WALD, Chief Judge, dissenting:

I respectfully disagree with my colleagues that there is no "law to apply" in this case. Although the regulation in question can be literally read to permit NHTSA to take account of nonsafety factors in deciding whether to grant a petition to investigate a possible safety defect, it specifically requires that the decision be made "at the conclusion of the technical review" of safety and remedy feasibility data compiled by the agency, and it sets out a definite standard that the petition must be granted if there is a "reasonable possibility that the order requested in the petition will be granted." 49 C.F.R. § 552.8.

A review of the agency's past published decisions under this regulation demonstrates that in fact it has always relied on safety and remedy factors, not on the resource factors that *Heckler v. Chaney,* 470 U.S. 821, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985) thought unsuitable for judicial review. In this particular case, the Administrator's published reasons for denying the CAS petition at no point rely on agency resources or priorities. The Administra-

tor's letter and the affidavit of the Associate Administrator for Enforcement who prepared the "technical review" make it crystal clear that it was the lack of any "new engineering evidence" that motivated the denial. The Associate Administrator stressed exclusively the "exhaustive data analysis" conducted by NHTSA engineers on the accident and injury information available.

Because there is no evidence that resource factors played any part in NHTSA's denial of CAS's petition, I disagree that *Chaney* bars review. I fear that we have taken *Chaney*'s mandate too far in applying it to a decision made explicitly on safety and remedy grounds after a "technical review" of safety and engineering data in the context of a statute which specifically authorized citizen petitions to open investigations and which mandated public responses to those petitions. 15 U.S.C. § 1410a(d) *See generally* Davis, *No Law to Apply*, 25 San Diego L.Rev. 1 (1988). We should take the agency at its word that only a safety and technological remedy assessment was involved here. The record of that assessment along with the regulation's "reasonable possibility" standard provides plenty of law for us to apply on review.